UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN DALE KILGORE PEPPERS,

        Petitioner,

            v.                          CAUSE NO. 3:26-CV-29-JD-AZ

SHERIFF,

        Respondent.

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed a habeas petition relating to his pretrial detention at the St. Joseph County Jail. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

After careful review of the petition, the court is unable to discern any valid habeas claims. The purpose of habeas review is to challenge the lawfulness of the petitioner's custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention."). However, Peppers appears to primarily challenge the conditions of his confinement at the St. Joseph County Jail, including restrictive housing conditions, excessive force, and violations of his religious rights. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (observing that "[c]hallenges to conditions of confinement . . . fall under [42 U.S.C.] § 1983," whereas "[a]ttacks on the fact or duration of the confinement" fall under the federal habeas statute). Though

Peppers references unfair disciplinary proceedings, the petition contains no indication that these proceedings caused or prolonged his time in detention.

Additionally, for relief, Peppers seeks his release from segregation and monetary damages, but he cannot obtain these forms of relief in a habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."); *Jaske v. Hanks*, 27 Fed. Appx. 622, 623 (7th Cir. 2001) ("Because disciplinary segregation affects the severity rather than the duration of custody, Mr. Jaske's petition was improperly brought under § 2254."). Consequently, the court will deny this petition because it does not contain any valid habeas claims.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1); and

(2) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED on July 16, 2026

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

2